**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BAGGETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14 C 2798** |
| | ) | |
| **RANDY PFISTER, Warden,** | ) | |
| **Stateville Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Following a bench trial in the Circuit Court of Cook County, Christopher Baggett was convicted of the first degree murder of Dwayne Miller. The trial judge sentenced him to a term of imprisonment of seventy-five years. Baggett has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Baggett contends that his appellate and trial counsel provided ineffective assistance of counsel and that the state appellate court erred in denying his request to file a *pro se* supplemental brief on direct appeal. Baggett has also moved for discovery related to pre-trial statements made by witness Lorenzo Phillips. For the reasons stated below, the Court denies both Baggett's petition and his motion for discovery and declines to issue a certificate of appealability.

### Background

The following summary of the facts and procedural history of this case is taken from the Illinois Appellate Court's decision in Baggett's direct appeal and the state court record.

## 1.    Proceedings before the trial court

On April 21, 2005, Dwayne Miller was shot and killed at the intersection of

Central Park Avenue and Roosevelt Road in Chicago.  Police arrested Baggett for the

shooting.  At trial, the prosecution called six witnesses who were present or nearby at

the time of the shooting.  Four of the six gave testimony at trial that contradicted earlier

handwritten statements and/or grand jury testimony implicating Baggett as the shooter.

The prosecution, relying on section 115-10.1 of the Illinois Code of Criminal Procedure,

725 ILCS 5/115-10.1, introduced those witnesses' prior inconsistent statements at trial.

Lorenzo Phillips, a minor who had previously given both a handwritten statement and

grand jury testimony identifying Baggett as the person who shot Miller, was one of the

witnesses who recanted at trial and whose prior statements were introduced.  The

defense did not call any witnesses of its own.

In March 2008, the trial court found Baggett guilty of first degree murder.  The

trial court determined that one of the eyewitnesses, Laura Zayac-Miller, was "not

credible."  Resp't's Ex R. at 166.  The court went on to explain, however, that the case

did not rest solely on Zayac-Miller's testimony—there was also the circumstantial

testimony of another witness, Vickie Owens, and the recanting witnesses' prior

handwritten statements and grand jury testimony.  *Id.* at 165-66.  In finding Baggett

guilty, the court noted that it gave "considerable consideration" to the handwritten

statements and grand jury testimony of the recanting witnesses, all of which were

consistent with the prosecution's theory of the case.  *Id.* at 166.

Baggett's trial counsel, Tommy Brewer, withdrew from the case in July 2008 after

Baggett filed a complaint against him with the Attorney Registration and Disciplinary

Commission for failing to file a motion for new trial within the 30-day time period prescribed by Illinois law. The court appointed a new attorney, April Preyar, to represent Baggett. Preyar was granted leave to file a motion for new trial on Baggett's behalf in August 2008 and a supplemental motion for new trial in September 2008. After Preyar, too, withdrew from the case, the Office of the Public Defender filed another supplemental motion for new trial in May 2009. The trial court considered all of these motions and denied them in June 2009.

## 2.    Direct appeal

An assistant appellate defender from the Office of the State Appellate Defender represented Baggett on direct appeal. Through counsel, Baggett argued that the prosecution's introduction of multiple prior inconsistent statements from three different witnesses not only was cumulative, but also improperly bolstered the credibility of those statements. He also argued that the trial court abused its discretion in imposing a seventy-five year sentence in light of mitigating evidence.

Baggett, for his part, had wanted his appellate counsel to raise several additional arguments on appeal. Specifically, Baggett wanted counsel to argue that the evidence was insufficient to find him guilty beyond a reasonable doubt. He also wanted counsel to argue that his Sixth Amendment right to effective assistance of counsel had been violated by trial counsel's failure to (1) file a motion to suppress Phillips's identification testimony, (2) call Anita Taylor as a witness, and (3) file a motion for new trial within 30 days of the trial court's entry of a finding of guilty. Unsatisfied by appellate counsel's explanation of why he did not believe he could make these arguments in good faith, Baggett moved for leave to file a supplemental *pro se* appeal brief on the issues his

counsel had declined to raise.  Baggett attached a proposed supplemental brief to the

motion.  The appellate court denied Baggett's motion to file the brief, noting that he was

represented by appellate counsel.  Baggett then filed a motion to substitute counsel or,

in the alternative, proceed *pro se*, based on appellate counsel's refusal to make the

arguments outlined by Baggett in his proposed supplemental brief.  The court denied

this motion as well, and it affirmed Baggett's conviction and sentence in February 2012.

Because the appellate court addressed only the arguments briefed by counsel, it noted

in the decision that "defendant does not challenge the sufficiency of the evidence, or

dispute that it was proper for the State to substantively introduce the content of four

witnesses' handwritten statements."  *People v. Baggett*, 2012 IL App (1st) 091575-U ¶

9.  The court did not suggest, however, that there would be any viable basis for such

challenges.

After his petition for rehearing was denied, Baggett filed a *pro se* petition for

leave to appeal (PLA) in the Illinois Supreme Court.  In it, he argued that the appellate

court erred in denying him leave to file a supplemental *pro se* brief and also in denying

his motion to substitute counsel, thereby violating his Sixth Amendment rights.  The

court denied Baggett's PLA in November 2012.

**3.      Post-conviction proceedings**

Baggett then filed a *pro se* post-conviction petition, in which he argued that (1)

appellate counsel was ineffective for failing to challenge the sufficiency of the evidence

underlying his conviction, (2) trial counsel was ineffective for failing to call Taylor as an

exonerating witness, (3) trial counsel was ineffective for failing to file a timely motion for

new trial, and (4) trial counsel was ineffective for failing to file a motion to suppress

identification testimony by Zayac-Miller and Phillips.  In March 2014, the state trial court

rejected each of Baggett's claims and summarily dismissed the petition as frivolous and

patently without merit.

Baggett filed a notice of appeal, and counsel was appointed to represent him in

June 2014.  In December 2015, appointed counsel moved to withdraw pursuant to

*Pennsylvania v. Finley*, 481 U.S. 551 (1987), after concluding that an appeal would be

without arguable merit.  In March 2016, the Illinois Appellate Court entered an order

granting counsel's motion to withdraw and summarily affirming the trial court's dismissal

of the petition.  There is no record of Baggett filing a PLA in the Illinois Supreme Court,

and Baggett does not contend that he did so.

**Discussion**

Baggett filed the present petition for a writ of habeas corpus without the

assistance of counsel on April 17, 2014.  He asserts the following five claims:

1) appellate counsel rendered ineffective assistance by failing to challenge
the sufficiency of the evidence on direct appeal;[1]

2) appellate counsel rendered ineffective assistance by failing to argue
that trial counsel was ineffective for failing to call Taylor as an exonerating

---

[1] Baggett also claims that appellate counsel's failure in this regard violated his due
process rights under the Fourteenth Amendment.  The basis for this allegation seems to
be Baggett's belief that the pre-trial testimony of the witnesses who later recanted was
involuntary and/or perjured.  *See* Pet. for Writ of Habeas Corpus at 5-11; Pet.'s Reply at
24.  Respondent did not address the due process component to this first claim in its
response or sur-reply to Baggett's petition.  To the extent that Baggett intended to raise
a due process claim as a sixth ground for habeas corpus relief, however, it is
procedurally defaulted because he did not fairly present it to the state courts.  *See*
*Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998) ("If the State does not explicitly or
implicitly forego the waiver defense, we may make *sua sponte* inquiry into whether a
procedural default is manifest . . . .").

witness;

3) appellate counsel rendered ineffective assistance by failing to argue that trial counsel was ineffective for failing to file a timely motion for new trial;

4) trial counsel rendered ineffective assistance by failing to move to suppress the identification testimony of Zayac-Miller and Phillips; and

5) the Illinois Appellate Court erred in denying his request for leave to file a supplemental *pro se* brief on direct appeal.

Respondent contends that each of the first four claims is procedurally defaulted, in addition to failing on the merits. Respondent asserts that Baggett's final claim is not cognizable and also is barred by *Teague v. Lane*, 489 U.S. 288 (1989).

A petitioner is entitled to a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to ensure that the state courts have the first opportunity resolve a prisoner's federal constitutional claims, the Supreme Court has held that a prisoner must first invoke "one complete round of the State's established appellate review process" before a federal court may consider the claims on a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Claims that were not fairly presented to the state courts through one complete round of review—either on direct appeal or in post-conviction proceedings—will be found to have been procedurally defaulted. *See, e.g.*, *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013). To overcome a procedural default, a petitioner must show both cause for the default and prejudice resulting from it or must establish that the denial of relief will result in a miscarriage of justice. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

A federal court may issue a writ of habeas corpus on a claim that was

adjudicated on the merits in state court proceedings only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard affords significant deference to the state courts. *See Hicks v. Hepp*, No. 15-3865, 2017 WL 3910113, at *6 (7th Cir. Sept. 7, 2017).

## A.    Ineffective assistance of appellate counsel (Claims 1-3)

Baggett has made three claims of ineffective assistance of appellate counsel. First, Baggett alleges that appellate counsel was ineffective for failing to argue that the evidence presented at trial was insufficient to find him guilty beyond a reasonable doubt. He also argues that appellate counsel was ineffective because he did not raise an ineffective assistance of counsel argument related to trial counsel's failure to call Taylor as an exonerating witness. Lastly, Baggett says that appellate counsel was ineffective for failing to raise an ineffective assistance of counsel argument related to trial counsel's failure to file a timely motion for new trial.

### 1.    Procedural default

Respondent argues that Baggett's ineffective assistance of appellate counsel claims are procedurally defaulted because he did not pursue those claims through one complete round of state court review. Respondent first contends that Baggett's failure to seek leave to appeal to the Illinois Supreme Court after the Illinois Appellate Court denied his petition for post-conviction relief means his claims did not go through a full round of review at the post-conviction stage. Respondent further argues that the claims

did not go through a full round of review on direct appeal either, because Baggett did not make any ineffective assistance of appellate counsel arguments in his PLA to the Illinois Supreme Court, among other failings. Respondent says that the Court should not excuse this procedural default because Baggett does not assert and cannot show cause and prejudice or a miscarriage of justice.

If the appropriate frame of reference is Baggett's post-conviction petition, he has procedurally defaulted these claims because he did not seek leave to appeal to the Illinois Supreme Court after the appellate court denied that petition. *See Boerckel*, 526 U.S. at 848 (petitioner's failure to include claims in PLA to Illinois Supreme Court resulted in a procedural default of those claims); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam) (*Boerckel*'s procedural default rule applies to post-conviction appeals). Baggett contends, however, that the claims are not procedurally defaulted because he fairly presented them through a complete round of state court review on direct appeal. Respondent counters that Baggett's ineffective assistance of appellate counsel claims were not fairly presented to the Illinois Supreme Court on direct appeal because his PLA did not include any claim that appellate counsel was constitutionally ineffective.

A petitioner has fairly presented a claim to the state courts if he has given them a "meaningful opportunity" to address the substance of the claim. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). This occurs only if the petitioner has "placed both the operative facts and the controlling legal principles before the state courts." *Id.* at 738. In determining whether a petitioner's claim was fairly presented, a court considers four factors:

(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). The court's ultimate task is "assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (quoting *Kurzawa*, 146 F.3d at 442).

The Court interprets Baggett's PLA generously in light of the fact that it was prepared without the assistance of counsel. *E.g.*, *Lewis*, 390 F.3d at 1027. Even so, when Baggett's PLA is read with the above-mentioned principles and factors in mind, it is clear that Baggett did not raise the ineffective assistance of appellate counsel claims that he asserts in his habeas corpus petition in a such a way that the Illinois Supreme Court could have been expected to recognize and act upon those claims. Baggett presented two arguments in support of his PLA. He clearly summarized each of the two arguments in a distinct header within the Argument section of his petition. First, Baggett argued that the appellate court erred in denying his motion for leave to file a supplemental *pro se* brief. Second, he argued that the appellate court erred in denying his motion to substitute counsel, which he claimed violated his Sixth Amendment rights. Baggett did not make, and certainly did not discuss, any of the ineffective assistance of appellate counsel claims he now asserts in his habeas corpus petition.

It is helpful to consider how the four factors listed in *Briley* apply to Baggett's

ineffective assistance of appellate counsel claims, even though not all of the factors map neatly onto the facts of this case. First, although the PLA does rely on federal constitutional cases, it does so only in the context of the two arguments Baggett expressly asserted in the PLA. To the extent the cases cited in the PLA are relevant at all, they are more relevant to Baggett's contention that the appellate court should have allowed him to file a supplemental brief and to terminate counsel than to any implied arguments that appellate counsel was constitutionally ineffective for failing to assert certain arguments. *See, e.g.*, *Cuyler v. Sullivan*, 446 U.S. 335 (1980) (addressing the standard for establishing a Sixth Amendment violation based on a conflict of interest arising from multiple representation); *United States v. Moore*, 159 F.3d 1154 (9th Cir. 1998) (assessing whether an irreconcilable conflict between defendant and counsel resulted in a denial of counsel in violation of the Sixth Amendment); *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997) (holding that a claim a habeas corpus petitioner had attempted to present to the state court in a supplemental brief after his attorney refused to raise it had been fairly presented). The Illinois Supreme Court could not have been expected to interpret Baggett's citations to those federal cases as raising additional constitutional arguments distinct from the ones he expressly presented. As for the second factor, Baggett did not rely on any state cases applying a constitutional analysis. Accordingly, the PLA did not provide the Illinois Supreme Court with a recognizable legal basis for the ineffective assistance of appellate counsel claims Baggett has asserted in his federal habeas corpus petition. *See Chambers*, 264 F.3d at 739 (a particular challenge to a jury instruction, embedded in an argument on another point, did not "present the state appellate court with sufficient elaboration, especially in terms of

the relevant federal and [state] case law . . . to permit that court to decide the issue").

The PLA likewise failed to frame the ineffective assistance of appellate counsel claims in sufficiently particular terms. Baggett contends that the claims were fairly presented in the PLA because he stated, in support of his argument that the appellate court erred in denying his motion to substitute counsel, that his Sixth Amendment rights had been violated and that his appellate counsel "was ineffective for failing to raise the issues [Baggett] filed in his pro se supplemental brief." Pet'r's Resp. to Sur-Reply at 9. The PLA did briefly reference Baggett's contention that appellate counsel's refusal to make the arguments contained in the proposed supplemental brief created a conflict of interest such that the denial of his motion to substitute counsel violated his "right to conflict[-]free representation under the Sixth [A]mendment." Resp't's Ex. I at 13. As previously noted, however, Baggett did not specifically contend anywhere in the PLA that appellate counsel was ineffective for failing to raise sufficiency of the evidence and ineffective assistance of trial counsel arguments. The state supreme court was not required to look beyond Baggett's PLA and consider the merits of the points he had argued in his proposed supplemental brief, particularly when the PLA did not ask the court to do so.

This is not to say that the PLA did not provide any of the factual background for the ineffective assistance of appellate counsel claims raised in his habeas corpus petition—to the contrary, Baggett did allege in his PLA that appellate counsel refused to make the sufficiency of the evidence and ineffective assistance of trial counsel arguments that Baggett wanted him to make. This is not enough to tip the scales in favor of a finding of fair presentment, especially because the PLA did not frame those

11

facts in the context of the three distinct ineffective assistance of appellate counsel

claims Baggett now makes. *See, e.g.*, *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th

Cir. 1997) ("It is not enough that all the facts necessary to support the federal claim

were before the state courts . . . .") (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th

Cir. 1992)).

For these reasons, the Court concludes that the Illinois Supreme Court did not

have a meaningful opportunity to address the substance of Baggett's ineffective

assistance of appellate counsel claims. Because Baggett did not fairly present the

claims in his PLA on direct appeal, they were procedurally defaulted. The Court finds

that no exception to procedural default is warranted in this case, and Baggett makes no

argument to the contrary.

### 2. Merits

Even if Baggett's ineffective assistance of appellate counsel claims were not

procedurally defaulted, they would fail on the merits. Ineffective assistance of counsel

claims are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S.

668 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show

(1) "that his counsel's performance fell below an objective standard of reasonableness"

and (2) "that counsel's deficient performance prejudiced the defense, which means

there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Spiller v. United States*, 855 F.3d 751,

755 (7th Cir. 2017) (citing *Strickland*, 466 U.S. at 687-88). In applying the *Strickland*

test to the facts of a given case, the court need not address both elements of the test if

the petitioner fails to make a sufficient showing on one of the elements. *Id.*

When the state trial court denied Baggett's petition for post-conviction relief, it

expressly rejected his claim that appellate counsel was ineffective for failing to argue

that the evidence was insufficient to find him guilty beyond a reasonable doubt (claim 1).

The court summarized the substantively admissible evidence presented at trial,

including the prior written statements and grand jury testimony of the four witnesses

who recanted at trial, and concluded that it was more than sufficient to convict Baggett.

Accordingly, the court held that Baggett could not establish that he suffered prejudice as

a result of appellate counsel's failure to raise a meritless sufficiency of the evidence

argument.  That decision was not unreasonable; a reasonable trial judge could have

found the cited evidence sufficient to establish Baggett's guilt despite the recantations

and other inconsistencies Baggett cites.  Finally, although the appellate court decision

affirming Baggett's conviction on direct appeal noted that he had not challenged the

sufficiency of the evidence, the court did not suggest in any way that the evidence was

actually insufficient to find him guilty beyond a reasonable doubt.

The Illinois Appellate Court later summarily affirmed the trial court's decision to

dismiss Baggett's petition for post-conviction relief.  Because claim 1 was adjudicated

on the merits in state court proceedings and the state court's decision was neither

contrary to clearly established federal law nor based on an unreasonable determination

of the facts in light of the evidence presented, this claim cannot provide the basis for a

grant of a writ of habeas corpus.  *See* 28 U.S.C. § 2254(d).

No state court specifically addressed Baggett's claims that appellate counsel was

ineffective for failing to raise ineffective assistance of counsel arguments related to trial

counsel's failures to call Taylor as an exonerating witness and to file a timely motion for

13

new trial (claims 2 and 3).  In denying Baggett's petition for post-conviction relief, however, the state court ruled on the merits of the underlying ineffective assistance of trial counsel claims.  Regarding trial counsel's failure to call Taylor as a witness, the court held that Baggett failed to provide the necessary affidavits to support an ineffective assistance of counsel claim on that basis.  The court further noted that Baggett could not show prejudice.  Baggett alleged that Taylor's testimony would have impeached Zayac-Miller's testimony, but because the trial court found Zayac-Miller not credible anyway, it did not rely on her testimony in finding Baggett guilty.  The post-conviction court also rejected Baggett's claim that trial counsel was ineffective for failing to file a timely motion for new trial.  Specifically, the court explained that, although his trial counsel may have failed to file a post-trial motion within 30 days, the court waived the 30-day requirement and ultimately considered a motion for new trial filed by Baggett's substitute counsel.  For that reason, the post-conviction court concluded that Baggett did not show any prejudice resulting from trial counsel's failure to file a timely motion for new trial.

The post-conviction court's assessments that Baggett had not been prejudiced were not merely reasonable; they were plainly correct.  Accordingly, Baggett has not shown that there is a reasonable probability that his conviction would have been reversed if appellate counsel had raised those arguments on direct appeal.  Claims 2 and 3 would therefore fail on the merits because Baggett has not established that he was prejudiced by appellate counsel's performance.  *See Strickland*, 466 U.S. at 687.

**B.    Ineffective assistance of trial counsel (Claim 4)**

Baggett also asserts that his trial counsel rendered ineffective assistance of

counsel by failing to file a motion to suppress the identification testimony of eyewitnesses Zayac-Miller and Phillips.

### 1.        Procedural default

Respondent contends that this claim, too, is procedurally defaulted.  Respondent first notes that Baggett did not argue—either in his proposed supplemental *pro se* brief or in his petition for leave to appeal to the Illinois Supreme Court on direct appeal—that trial counsel was ineffective for failing to move to suppress Zayac-Miller's identification testimony.  Respondent acknowledges that Baggett's proposed supplemental brief did assert that trial counsel was ineffective for failing to move to suppress Phillips's testimony, but he contends that the Illinois Appellate Court's denial of leave to file the brief constituted an independent and adequate state law ground that bars relief on that claim.

As previously noted, in order to avoid procedural default, a petitioner must have fairly presented his claim through one complete round of state court review. Respondent is correct that Baggett did not raise an ineffective assistance of counsel claim based on trial counsel's failure to move to suppress Zayac-Miller's identification testimony on direct appeal in the proposed brief or the PLA.  That particular claim is procedurally defaulted.  And as before, Baggett has offered no basis to excuse the default.

By contrast, Baggett's proposed brief (which he attached to his motion for leave to file a supplemental *pro se* brief) specifically raised a claim that he was denied his constitutional right to effective assistance of counsel when trial counsel failed to file a motion to suppress Phillips's pre-trial statement and grand jury testimony identifying

Baggett as the shooter. The appellate court ultimately denied Baggett leave to file the

brief, but he expressly challenged that decision in his subsequent PLA to the Illinois

Supreme Court. In the PLA, Baggett repeated the contention that he was denied his

constitutional right to effective assistance of counsel when trial counsel failed to file a

motion to suppress Phillips's identification testimony. The Court finds that Baggett gave

the state courts a meaningful opportunity to address his ineffective assistance of trial

counsel claim as it relates to Phillips's testimony by (1) filing the proposed supplemental

brief in which he presented the operative facts and basic legal principles governing the

claim and (2) specifically challenging the appellate court's denial of leave to file the brief

in his PLA. *See, e.g.*, *Kizer v. Uchtman*, 165 F. App'x 465, 467-68 (7th Cir. 2006)

(petitioner's claim was fairly presented in proposed supplemental *pro se* brief even

though appellate court denied leave to file it). The Court therefore concludes that this

claim, unlike the ineffective assistance of appellate counsel claims, was fairly presented

through a full round of state court review.

Respondent contends that Baggett's ineffective assistance of trial counsel claim

is nonetheless procedurally defaulted because the Illinois Appellate Court denied

Baggett leave to file the proposed supplemental *pro se* brief on the basis that he was

not entitled to hybrid representation under Illinois law. According to respondent, this

constitutes an independent and adequate state law ground barring relief on this claim.

"When a state court resolves a federal claim by relying on a state law ground that

is both independent of the federal question and adequate to support the judgment,

federal habeas review of the claim is foreclosed." *Richardson v. Lemke*, 745 F.3d 258,

268 (7th Cir. 2014) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)).

For a state procedural rule to be considered independent, the state court must have "actually relied" on it as a basis for the disposition of the case. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). A state law ground is considered adequate if it is "firmly established and regularly followed state practice at the time it is applied." *Id.*

This Court has previously held that the Illinois rule against hybrid representation, which prevents a party from acting as his own counsel when he has an attorney, was not so firmly established and regularly followed that it constituted an independent and adequate state ground barring consideration of claims presented in proposed *pro se* briefs that were ultimately rejected by the state courts. *See Hollis v. Lamb*, No. 15 C 7297, 2016 WL 6217089, at *5 (N.D. Ill. Oct. 25, 2016); *U.S. ex rel. Parker v. Chandler*, No. 09 C 4231, 2011 WL 221834, at *8 (N.D. Ill. Jan. 24, 2011). Recently, however, in *Clemons v. Pfister*, 845 F.3d 816 (7th Cir. 2017), the Seventh Circuit concluded that where a state appellate court refused to consider the *pro se* brief of a petitioner represented by counsel during post-conviction proceedings, that decision was based on the general Illinois rule disfavoring hybrid representation. The Seventh Circuit expressly held that this refusal to accept the petitioner's *pro se* brief was an independent and adequate state ground that precluded federal habeas corpus review of the claim raised in the petitioner's brief. *Id.* at 820. There appears to be no basis for distinguishing this case from *Clemons*. Accordingly, the Court concludes that the Illinois Appellate Court's refusal to consider the ineffective assistance of trial counsel claim raised in Baggett's proposed *pro se* brief based on the fact that he was represented by counsel is an independent and adequate state law ground for decision that precludes this Court from reviewing the claim. Baggett has not offered any basis to excuse the procedural

default.

## 2. Merits

Even if it were not procedurally defaulted, claim 4 would fail on the merits. The

state trial court expressly rejected this ineffective assistance of trial counsel argument

when it dismissed Baggett's petition for post-conviction relief. As the post-conviction

trial court explained, because the court did not rely on Zayac-Miller's testimony in finding

Baggett guilty beyond a reasonable doubt, any failure to suppress her testimony could

not have prejudiced Baggett. Regarding trial counsel's failure to move to suppress

Phillips's pre-trial identification testimony, the court noted that there is no rule that

automatically renders a juvenile's statements to police outside the presence of a parent

or guardian involuntary and therefore inadmissible. The court concluded that Baggett's

claim lacked merit because he did not show that a motion to suppress would have been

successful. This finding, again, was not simply reasonable; it was plainly correct. Thus

because the state court's denial of Baggett's ineffective assistance of trial counsel claim

on the merits was neither contrary to clearly established federal law nor based on an

unreasonable determination of the facts in light of the evidence presented, its decision

would stand even if this Court reached the merits. *See* 28 U.S.C. § 2254(d).

## C. Appellate court's denial of request for leave to file supplemental *pro se* brief on direct appeal (Claim 5)

Lastly, Baggett also argues that the Illinois Appellate Court erred in denying his

request for leave to file a supplemental *pro se* brief on direct appeal. Respondent

argues that this claim is not cognizable on federal habeas corpus review because an

appellant who is represented by counsel does not have a federal right to file a *pro se*

brief. Respondent argues, in the alternative, that this claim is barred by *Teague v.*

*Lane*.

A federal court's remedial power when considering a habeas corpus petition "is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). A defendant in a state criminal appeal who is represented by counsel does not have any federal right to submit a supplemental *pro se* brief to the court. *See United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). Because no federal right to submit a *pro se* brief exists, Baggett's claim that the Illinois Appellate Court erred in denying his request for leave to file a supplemental *pro se* brief does not present a federal constitutional issue. The claim is not cognizable.

**D.    Baggett's motion for discovery**

Baggett has also moved for discovery related to pre-trial statements made by Phillips.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing Section 2254 Cases, a court may, for good cause, authorize a party to conduct discovery. 28 U.S.C. foll. § 2254. Good cause exists where there are specific allegations that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The reasons Baggett gives for his request for discovery are not clearly linked to

any of the claims in his habeas corpus petition.  In fact, Baggett suggests that the requested discovery would undermine the legality of his arrest warrant, a claim that is not before the Court.  Even if the requested discovery would have some bearing on his claim that trial counsel was ineffective for failing to move to suppress Phillips's identification testimony, as explained above, that claim is procedurally defaulted. Baggett cannot show good cause for his discovery request because he cannot show that he would be entitled to relief on his ineffective assistance of trial counsel claim if discovery were permitted.

## Conclusion

For the foregoing reasons, the Court denies Baggett's motion for discovery [dkt. no. 36].  The Court further directs the Clerk to enter judgment in favor of respondent on all of Baggett's claims [dkt. no. 1].  The Court declines to issue a certificate of appealability pursuant to 28 U.S.C § 2253(c)(2) because this Court's dismissal of Baggett's petition on procedural grounds is not debatable with respect to claims 1 through 4, and it is not debatable that petitioner fails to state a valid claim of the denial of a constitutional right in claim 5.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  September 29, 2017